This Decision is a
Precedent of the TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**

Mailed:  August 12, 2011

Opposition No. 91199973

CSC Holdings, LLC

v.

SAS Optimhome

Jennifer Krisp, Interlocutory Attorney:

SAS Optimhome ("applicant") filed a request for extension of protection of an international registration to the United States, pursuant to Trademark Act § 66(a), 15 U.S.C. § 1141f(a) ("Madrid Protocol"), seeking registration of the mark OPTIMHOME (standard characters) for a variety of real estate and real estate-related services in International Class 36.[1]  CSC Holdings, LLC ("opposer") has opposed this application.

Trademark Rule 2.101(b)(2) provides, "An opposition to an application based on section 66(a) of the Act must be filed through ESTTA."[2]  As required, opposer filed its notice of

---

[1] Application Serial No. 79077317, filed on November 6, 2009, based on International Registration No. 1024920, registered on November 6, 2009.

[2] "ESTTA" is the Electronic System for Trademark Trials and Appeals, a web-based application for filing papers electronically with the Board, and available on the Internet at www.uspto.gov. Trademark Rule 2.2(g).  As fully discussed, infra, an opposer using the system to oppose an application based on Section 66(a) is provided with specific instructions on how to use the system.

opposition through ESTTA.

The process of filing an opposition using ESTTA requires the completion of an electronic form, and the attachment of a "pleading, *i.e.* a short and plain statement showing that the filer is entitled to relief." Trademark Trial and Appeal Board Manual of Procedure ("TBMP") § 110.09(c)(1) (3d ed. 2011) (punctuation revised). In all oppositions, the electronic form requires inputting of information necessary for the Board to institute the proceeding, whether or not that information may also be found on the attached pleading, allowing the Board to automatically institute most oppositions within minutes and without further data entry or consideration by Board staff. The information required by the form includes the grounds for opposition; the attached pleading explains the designated grounds.

In the case of oppositions against § 66(a) applications, the ESTTA electronic form plays an additional, vital role. As discussed below, when an opposition is instituted, the USPTO must so notify the International Bureau ("IB") of the World Intellectual Property Organization, informing it of certain information required under U.S. law implementing the Madrid Protocol. This notice must be sent within strict time limits, and any USPTO failure to fully and timely notify the IB may result in the opposition being limited by the information sent or dismissed in its entirety. In order to avoid any deficiency

2

in the IB notification and to ensure that it is timely sent, the ESTTA electronic form collects all necessary information and automatically sends the required notice to the IB. *In re Börlind Gesellschaft für kosmetische Erzeugnisse mbH*, 73 USPQ2d 2019, 2020 n.3 (TTAB 2005). In doing so, the ESTTA system sends <u>only</u> the information provided by the filer on the electronic form – the automated system does not send a copy of the filer's attached explanatory pleading to the IB. Moreover, the system is fully automated, and Board personnel do not review or edit the information provided on the electronic form in order to ensure that it is complete. As a result, any required information that appears in the attached pleading but was not entered on the ESTTA electronic form will not be included in the USPTO's notification to the IB.

In this case, opposer designated on the ESTTA electronic form a claim of priority and likelihood of confusion under Trademark Act § 2(d) as the sole ground for opposition; however, it set forth in its attached supporting statement three grounds for opposition, namely, priority and likelihood of confusion, lack of a bona fide intent to use the mark in commerce, and fraud based on a lack of bona fide intent to use the mark in commerce.

<u>Authorities</u>

Trademark Act § 68(c), 15 U.S.C. § 1141h(c), sets forth the obligation of the USPTO, under the Madrid Protocol, to

notify the IB of any refusal of a request for extension of protection.  Under § 68(c)(1)(B)-(C), within 18 months after the USPTO receives the application, the USPTO must transmit to the International Bureau a notification of refusal based on the filing of an opposition, or of the possibility that an opposition may be filed after the 18-month period.  The parameters governing said notification are set forth in § 68(c)(2)-(4), as follows:

> (2) If the Director has sent a notification of the possibility of opposition under paragraph (1)(C), the Director shall, if applicable, transmit to the International Bureau a notification of refusal on the basis of the opposition, together with a statement of all the grounds for the opposition, within 7 months after the beginning of the opposition period or within 1 month after the end of the opposition period, whichever is earlier.

> (3) If a notification of refusal of a request for extension of protection is transmitted under paragraph (1) or (2), no grounds for refusal of such request other than those set forth in such notification may be transmitted to the International Bureau by the Director after the expiration of the time periods set forth in paragraph (1) or (2), as the case may be.

> (4) If a notification specified in paragraph (1) or (2) is not sent to the International Bureau within the time period set forth in such paragraph, with respect to a request for extension of protection, the request for extension of protection shall not be refused and the Director shall issue a certificate of extension of protection pursuant to the request.

(emphasis added).

Thus, a failure to timely notify the IB of the filing of an opposition (and all of the grounds for it) within 7 months after the beginning of or 1 month after the end of the opposition period, requires dismissal of the opposition and

issuance of a registration to the applicant. *See In re Börlind,* 73 USPQ2d at 2020.

This affirmative obligation to notify the IB within strict time limits of all grounds for opposition is the underlying reason for Trademark Rule 2.101(b)(2), noted above, as well as Trademark Rule 2.107(b), which reads:

> Pleadings in an opposition proceeding against an application filed under section 66(a) of the Act may be amended in the same manner and to the same extent as in a civil action in a United States district court, except that, <u>once filed, the opposition may not be amended to add to the grounds for opposition</u> or to add to the goods or services subject to opposition.

(emphasis added).

In recognition of this constraint, and to assure that potential filers are aware of it when filing an opposition to a § 66(a) application, the Board has provided an explicit notice in the ESTTA electronic form on the page where the filer is prompted to select as many grounds for opposition as are applicable for the application being opposed. This notice reads (emphasis added):

### Grounds for opposition

> Please check as many grounds for opposition as are applicable. If a particular ground is not listed, check the "Other" box and fill in the ground in the text box provided.

> NOTE: You may not amend the notice of opposition to add additional grounds during the course of the opposition proceeding (Trademark Rule 2.107). Additionally, although you must include a supporting statement which sets forth facts sufficient to give notice to the applicant of your claim pursuant to Fed. R. Civ. P. 8, if there is any

> discrepancy between the grounds checked below and those stated in your supporting statement, the grounds checked below control. That is, the Board will not consider any ground of opposition that is not checked off below, even if it has been set forth in the supporting statement.

The Instant Opposition

The issue presented by the instant opposition is the scope of the grounds for opposition to a § 66(a) application when only the supporting attachment or pleading, rather than the ESTTA electronic form, sets forth particular grounds. The Board recently considered the issue of the scope of the *goods* that are subject to opposition in a § 66(a) application, where a variance exists between information in an attached pleading and information entered on the ESTTA electronic form. *See Hunt Control Sys. Inc. v. Koninklijke Philips Elec. N.V.,* 98 USPQ2d 1558 (TTAB 2011). In particular, the Board recognized that the ESTTA electronic form, along with any attached supplementary elaboration of the basis for the opposition, together serve as the operative complaint in the opposition proceeding. *Id.* at 1561 (citing *PPG Indus. Inc. v. Guardian Indus. Corp.,* 73 USPQ2d 1926, 1928 (TTAB 2005)). The Board ruled, however, that with respect to § 66(a) applications, the opposition was limited to the goods identified on the ESTTA electronic form, and that opposer could not rely on language in the listing of opposed goods which it had included in its attached pleading, but had not designated on the ESTTA form. *Id.* at 1561-62.

6

Referring to Trademark Rules 2.101(b)(2) and 2.107(b), the Board explained:

> The impetus behind the aforementioned rules is that the USPTO must promptly inform the International Bureau of the World Intellectual Property Organization of the institution of the opposition against the Madrid application.  Accordingly, ESTTA requires the opposer of a Madrid application to provide essential information involving the opposition including, *inter alia,* the specific goods and/or services in the application it is opposing, the ground(s) for opposition, and the application or registration number for any mark owned by the opposer and cited as a basis for the opposition.  ESTTA then generates an opposition form entitled "Notice of Opposition" that lists, among other items, the information provided by the opposer.  This form, along with any attached supplementary elaboration of the basis for the opposition, serves as the complaint in the opposition proceeding. *PPG Industries Inc. v. Guardian Industries Corp.,* 73 USPQ2d 1926, 1928 (TTAB 2005) (ESTTA-generated opposition form is an integral part of the pleading).  The USPTO's automated systems automatically forward the information included in the Section 66(a) application and the ESTTA opposition form to the International Bureau.

*Hunt Control Sys. Inc.*, 98 USPQ2d at 1561.  The Board further noted:

> All pertinent information regarding oppositions sent to the International Bureau is ascertained solely from the ESTTA-generated notice of opposition and the application itself.  That is why Office rules require an opposition to a Section 66(a) application to be filed via ESTTA….

*Hunt Control Sys. Inc.*, 98 USPQ2d at 1562.

Thus, to ensure that the Board will not have to dismiss oppositions for lack of proper or timely notification of all required opposition information to the IB, the USPTO has implemented an automated process which necessarily relies on the information provided by a potential opposer on the ESTTA

electronic form.  The USPTO's automated system for communications with the International Bureau regarding international registrations under the Madrid Protocol system transmits only the data containing information about the opposer, the application at issue, the contact details and the grounds of opposition as entered by the opposer in the online form.  Neither the opposer's pleading nor any evidence attached to it is sent to the IB.  This process facilitates complete, timely, and accurate electronic communication between the USPTO and the IB.

Turning to the matter before the Board, *i.e.*, the scope of the grounds for opposition, this situation requires application of the same underlying principles of compliance with the statute and rules implementing the Madrid Protocol as those which the Board applied in *Hunt Control Systems*.  On May 24, 2011, the Office, in routine fulfillment of its obligation under the Madrid Protocol, electronically collected the information provided by opposer on the ESTTA electronic form, and automatically transmitted to the IB the notification that is required under Trademark Act § 68(c).  Thus, the notification included only the ground of priority and likelihood of confusion, as that was the only ground opposer designated on the ESTTA electronic form.

Under Trademark Rule 2.107(b), opposer is precluded from amending its opposition to assert additional grounds.  To allow

opposer to add to the grounds of which the IB was notified would be contrary to the USPTO's obligations under the Madrid Protocol, because such amendments would be untimely. Trademark Act § 68(c)(3), *cf. Hunt Control Systems Inc.*, 98 USPQ2d at 1563. Furthermore, inasmuch as the time allowed, as extended under Trademark Rule 2.102, for opposer to file an opposition to the subject application has expired, opposer is precluded from filing a new notice of opposition against the subject application.[3] Consequently, the grounds for opposition herein are limited to priority and likelihood of confusion.

Accordingly, the grounds of lack of a bona fide intent to use the mark in commerce, and fraud based on a lack of bona fide intent to use the mark in commerce, cannot be considered in this opposition proceeding.[4] The ESTTA online form, and only that portion of the supporting statement that relates to the ground for opposition set forth in the form, namely, priority and likelihood of confusion, constitute the notice of opposition in this proceeding.

In view thereof, applicant is allowed until <u>thirty (30) days from the mailing date of this order</u> in which to file its

---

[3] Had opposer filed the notice of opposition with time remaining in the opposition period, rather than on the last day for filing, it could have filed a new opposition with a fuller statement of its grounds on the ESTTA cover sheet.

[4] Trademark Act § 14, 15 U.S.C. § 1064, allows for petitions to cancel registrations issued by the USPTO.

answer to the notice of opposition; applicant need not answer Paragraphs 17 through 33 thereof.

Conferencing, initial disclosure, discovery and trial dates are reset as follows:

| | |
|---|---|
| Deadline for Discovery Conference | **10/14/2011** |
| Discovery Opens | **10/14/2011** |
| Initial Disclosures Due | **11/13/2011** |
| Expert Disclosures Due | **3/12/2012** |
| Discovery Closes | **4/11/2012** |
| Plaintiff's Pretrial Disclosures Due | **5/26/2012** |
| Plaintiff's 30-day Trial Period Ends | **7/10/2012** |
| Defendant's Pretrial Disclosures Due | **7/25/2012** |
| Defendant's 30-day Trial Period Ends | **9/8/2012** |
| Plaintiff's Rebuttal Disclosures Due | **9/23/2012** |
| Plaintiff's 15-day Rebuttal Period Ends | **10/23/2012** |

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony. Trademark Rule 2.l25.

Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b). An oral hearing will be set only upon request filed as provided by Trademark Rule 2.l29.